IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA LORRAINE CAMPTON, § | | |
| TDCJ No. 1301861, § | | |
| § | | |
| Petitioner, § | | |
| v.  § | CIVIL ACTION NO. | |
| § | | |
| NATHANIEL A. QUARTERMAN, § | SA-07-CA-005 OG (NN) | |
| Texas Department of Criminal Justice, § | | |
| Institutional Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND RECOMMENDATION**

Theresa Lorraine Campton, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a federal Petition for a Writ of Habeas Corpus by A Person in State Custody,[1] pursuant to 28 U.S.C. § 2254 challenging her Kerr County conviction for possession of cocaine with intent to deliver in a drug free zone.[2] As grounds for relief, petitioner Campton argues: the search leading to her conviction exceeded the scope of the search warrant, her confession was coerced and her counsel rendered ineffective assistance by failing to file an appeal. As required by Rule 4 of the Rules Governing Section 2254 Cases, I have conducted a preliminary review of the petition. Because petitioner Campton failed to file this petition within the applicable one-year limitations period created by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), I recommend that it be dismissed.

**I. Background**

In the 216th Judicial District Court of Kerr County petitioner Campton entered a *nolo*

---

[1] Docket entry no. 1.

[2] *State v. Campton,* No. A05-166-1 (216th Jud. Dist. Ct., Kerr County, May 26, 2005).

*contendere* plea to possession of cocaine with intent to deliver in a drug free zone.[3] On May 26, 2005, the trial court sentenced her to 10 years in the TDCJ-CID. According to the Kerr County Clerk of the state court and from information obtained from the Texas Courts Online Judicial website, petitioner Campton filed no direct appeal and on January 17, 2006, she filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied her state habeas application on March 1, 2006.[4] I note petitioner Campton submitted the filing fee but failed to sign her federal habeas petition, which was received by the Clerk of this Court on January 4, 2007. Accordingly, I construe her federal habeas petition to have been filed on January 4, 2007.

## II. Jurisdiction

This Court has jurisdiction over petitioner Campton's habeas petition pursuant to 28 U.S.C. § 2241(d), which provides that a state prisoner's application for a writ of habeas corpus may be filed in the federal district court of the district where the petitioner is in custody or it may be filed in the district where the petitioner was convicted. Petitioner Campton was convicted in Kerr County, Texas, which lies within this District.

## III. Analysis and Authorities

**The Timeliness of Campton's Federal Habeas Petition**

Title 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on state prisoners filing habeas petitions, and the limitation period begins to run from the *latest* of the following

---

[3] *State v. Campton,* No. A05-166-1 (216th Jud. Dist. Ct., Kerr County, May 26, 2005). The Court imposed a 10 year sentence.

[4] *Ex parte Campton*, Application No. 64,143-01 (Tex. Crim. App. March 1, 2006).

dates: the date on which judgment became final; the date on which a state-imposed, unconstitutional impediment to filing an application is removed; the date on which the constitutional right asserted was initially recognized by the Supreme Court; or the date on which the factual basis of the claim or claims could have been discovered through due diligence.[5] Section 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending." The limitation period became effective April 24, 1996, pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996.[6]

In the case *sub judice*, the latest date the limitations period could begin to run is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[7] After petitioner Campton pleaded *nolo contendere* to the drug charges, the trial court sentenced her on May 26, 2005. Because petitioner Campton did not file a direct appeal, her conviction became final on June 26, 2005, when the thirty-day period during which she could have filed a notice of appeal expired.[8] Thus, AEDPA's one-year limitation period

---

[5] Title 28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of–

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[6] Pub. L. No. 104-132, 110 Stat. 1214.

[7] Title 28 U.S.C. § 2244(d)(1)(A) (West 2001).

[8] Tex. R. App. P. 41(b)(1); Tex. R. App. P. 26.2(a)(1).

began to run on June 26, 2005, giving petitioner Campton until June 26, 2006, to file her federal petition, unless she properly filed a state habeas application which served to toll the running of the limitation period.[9]

Section 2244(d)(2) excludes from the limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect the pertinent judgment or claim is pending." As noted above, petitioner Campton filed her state writ application for habeas corpus on January 17, 2006. The state application was pending for approximately 43 days because on March 1, 2006, the Texas Court of Criminal Appeals denied her state writ application without written order. Thus, pursuant to section 2244(d)(2), petitioner Campton's AEDPA limitations period is extended by 43 days, giving petitioner until August 8, 2006, to file her federal habeas petition. As petitioner Campton did not file her federal habeas petition until January 4, 2007, her petition was untimely filed.

### IV.  Recommendation

For the reasons discussed above, it is my recommendation that petitioner Campton's § 2254 federal habeas petition be **DISMISSED** with prejudice as untimely.

### Instructions for Service and
### Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either (1) by certified mail, return receipt requested, or (2) by facsimile or e-mail if authorization to do so is on file with the Clerk.

Pursuant to Title 28 U.S.C. §636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates, the parties are hereby notified that a party desiring to object

---

[9] 28 U.S.C. § 2244(d)(2); and *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[10]

A party's objections must specifically identify the findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[11] A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[12]

Additionally, <u>failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.</u>[13]

**SIGNED on January 8, 2007.**

*Nancy Stein Nowak*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

[11] *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

[12] *See generally Thomas v. Arn*, 474 U.S. 140, 150-55, 106 S. Ct. 466, 472-75 (1985); 28 U.S.C. §636(b)(1).

[13] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000); and *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).